IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RAY T. SLACK, SR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 22-cv-1381-NJR |
| ) | |
| **THOMAS CHAPMAN,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Ray T. Slack, Sr., an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Western Illinois Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges Defendant Thomas Chapman, a judge in Madison County, Illinois, displayed personal and professional prejudice and bias against him in a state civil case.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Slack makes the following allegations: In June 2020, Slack filed a petition for injunctive relief against the Madison County State's Attorney's Office (Doc. 1, p. 9). Slack alleges that the State's Attorney's Office failed to respond in the required time period and on August 17, 2020, he filed a motion for judgment by default against them (*Id.*). The State's Attorney's Office then filed a response and entry of appearance. Defendant Thomas Chapman, the judge assigned to the case, granted the motion and gave the State's Attorney's Office an additional 60 days to answer (*Id.*). Slack asked why Judge Chapman did not allow his motion for default to proceed in his favor. Judge Chapman directed the State's Attorney's Office to respond to Slack's motion.

On October 20, 2020, Slack filed a supplemental petition to his original petition for injunctive relief. On October 27, 2020, Judge Chapman directed that the petition be filed as an Amended Complaint and re-numbered and re-stamped the date on the petition (*Id.* at pp. 9-10). Slack contends Chapman's decision was biased and partial to the State's Attorney's Office because it aided them in allowing their response to be deemed timely. Slack contends that due to Judge Chapman's ruling, the State's Attorney's Office was no longer considered in default (*Id.* at p. 10). Slack contends that Judge Chapman's ruling was an attempt to help the state and was a personal and non-professional decision (*Id.*).

## Discussion

Simply put, Slack's Complaint fails to state a claim. Slack takes issue with rulings of Judge Chapman in a state court civil case. He maintains that Chapman's decision to re-number and date his petition was improper and showed bias towards Slack. But Judge

Chapman's rulings were issued in the course of his duties as a state judge, thus clearly implicating the doctrine of judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988). Judges are absolutely immune from suit for "acts performed by the judge in the judge's judicial capacity." *Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005) (internal quotations and emphasis omitted). "If a judge errs 'through inadvertence or otherwise, a party's remedy is through appellate process.'" *Dawson*, 419 F.3d at 660-61 (quoting *Lowe v. Letsinger,* 772 F.2d 308, 311 (7th Cir. 1985)); *see also Mireles*, 502 U.S. at 11 (finding that absolute immunity extends to judges even when they act maliciously or corruptly). Slack acknowledges that judges are immune from suit but argues that Judge Chapman stepped outside of his judicial power and made a personal choice when making his rulings in the civil case. But Slack's Complaint alleges that Judge Chapman violated Slack's rights by making determinations and rulings in the civil case which affected Slack's claims. Those are clearly judicial acts made in the course of his duties as a judge and thus implicate the doctrine of judicial immunity. To the extent Slack claims that Judge Chapman's rulings were improper and affected the outcome of his case, his remedy is through the appellate process.

## Disposition

For the reasons stated above, Slack's Complaint and this entire action is **DISMISSED with prejudice**. This shall count as a "strike" for purposes of 28 U.S.C. § 1915(g).

If Slack wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). If Slack does choose

to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED:  June 29, 2022**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**